No. 24-6930

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

COBEY LAKEMPER,

*Plaintiff-Appellant*,

v.

TODD ISHEE, ET AL.,

*Defendants-Appellees*.

---

**APPELLANT'S MOTION FOR ASSIGNMENT OF CASE TO FORMAL BRIEFING SCHEDULE**

Plaintiff-Appellant Cobey Lakemper, through his counsel, moves the Court to assign this case to a formal briefing schedule. When Mr. Lakemper initially appealed this case to the Court, he proceeded pro se, and was therefore assigned an informal briefing schedule. He has since secured pro bono counsel and therefore requests the Court set a formal briefing schedule so that he may have the opportunity to file a formal opening and reply brief with the benefit of counsel. Defendants-Appellees oppose this motion.

In support of this motion, counsel states as follows:

1. Plaintiff-Appellant Cobey Lakemper, who is currently incarcerated, brings this action challenging, on First Amendment grounds, various North Carolina Department of Adult Corrections policies forbidding inmates from discussing legal matters with one another and from receiving certain legal mail.

2. On September 25, 2024, Mr. Lakemper, proceeding pro se, timely filed an appeal before this Court. ECF 1.

3. Because Mr. Lakemper was proceeding pro se, the court issued an Informal Briefing Order pursuant to Local Rule 34(b). ECF 3.

4. In accordance with that order, Mr. Lakemper, still proceeding pro se, timely filed an informal opening brief on October 21, 2024. ECF 7. The State Defendants did not file an informal response brief, and, as a result, Mr. Lakemper did not file an informal reply.

5. On November 18, 2024, Mr. Lakemper retained pro bono counsel in this matter from the Civil Rights in the Criminal Legal System Clinic, a part of Washington Square Legal Services, Inc. at New York University School of Law.

6. Local Rule 34(b) authorizes the Court to issue an informal briefing schedule in only two exceptional circumstances: (a) in an appeal from the denial of relief under 28 U.S.C. § 2254 or § 2255 in a non-capital case; and (b) when any pro se appeal is filed. In all other cases, under Local Rule 31(b), "[a] formal briefing schedule *shall* be sent to the parties." (Emphasis added).

7. As Mr. Lakemper is no longer proceeding pro se in this appeal and does not seek habeas corpus relief, he is entitled to a formal briefing schedule.

8. Furthermore, formal briefing and possible oral argument by counsel will be of assistance to the Court. The very policies Mr. Lakemper is challenging in this case have made it difficult for him to fully prosecute the appeal himself while incarcerated. And counsel will be able to more fully explain the legal errors committed by the district court.

9. Defendants will not be prejudiced by a formal briefing schedule as they did not file an informal response brief and seek only to preserve the status quo, which will remain in place during the pendency of briefing.

Respectfully submitted,

/s/David Chen
DAVID CHEN
Washington Square Legal Services, Inc.
New York University School of Law
Civil Rights in the Criminal Legal System Clinic
245 Sullivan Street, Room 510
New York, NY 10012
(908) 240-6252
davidchen@nyu.edu
Counsel for *Plaintiff-Appellant*.

## CERTIFICATE OF COMPLIANCE

This motion complies with the world limit of Federal Rule of Appellate Procedure 27(d)(2) because this document contains 522 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6).